# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| LASHENA JONES-BUTLER,<br>     Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br>     Defendants. | Civil Action No.<br>17-10773-IT |

## ORDER

**TALWANI, D.J.**

On July 11, 2017, the court dismissed this action for lack of subject matter jurisdiction. *See* Memorandum and Order, Docket No. 5. Plaintiff seeks to reopen the case so that she may have her day in court. *See* Motion to Reopen, Docket No. 7.

A court's reconsideration of a decision is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Once judgment has entered as here, the court may only grant relief "if the moving party presents newly discovered evidence, (2) if there has been an intervening change in the law, or (3) if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009); *see also Ferrara v. United States*, 372 F.Supp.2d 108, 119 (D. Mass. 2005). "[S]imple disagreement with the court's decision is not a basis for reconsideration." *Ofori v. Ruby Tuesday, Inc.*, 205 Fed. Appx. 851, 853 (1st Cir. 2006) (unpublished).

Jones-Butler repeats the factual allegations contained in her original complaint and emphasizes that she has not been able to obtain legal assistance or justice. Despite these

difficulties, the court still has no legal basis upon which it may exercise jurisdiction over plaintiff's claims. As such, Plaintiff's motion must be denied. Based upon the foregoing, it is hereby ORDERED that:

1. The motion (Docket No. 7) to reopen is DENIED; and

2. The prior dismissal of this case remains in effect, and this action remains CLOSED.

**So ordered.**

                                            /s/ Indira Talwani
                                            Indira Talwani
                                            United States District Judge

Dated: August 9, 2017